1  Joseph J. Tabacco, Jr. (75484)
   Email: jtabacco@bermandevalerio.com
2  Nicole Lavallee (165755)
   Email: nlavallee@bermandevalerio.com
3  Anthony D. Phillips (259688)
   Email: aphillips@bermandevalerio.com
4  **BERMAN DEVALERIO**
   425 California Street, 21st Floor
5  San Francisco, California 94104
   Telephone: (415) 433-3200
6  Facsimile: (415) 433-6382

7  Kenneth I. Trujillo (*pro hac vice application pending*)
   Email: ktrujillo@trrlaw.com
8  Ira Neil Richards (*pro hac vice application pending*)
   Email: ira@trrlaw.com
9  Jennifer Agnew (*pro hac vice application pending*)
   Email: jagnew@trrlaw.com
10 **TRUJILLO RODRIGUEZ & RICHARDS, LLC**
   1717 Arch Street, Suite 3838
11 Philadelphia, PA 19103
   Telephone: (215) 731-9004
12 Facsimile: (215) 731-9044

13 *Attorneys for Proposed Lead Plaintiffs Louisiana Municipal Police*
   *Employees' Retirement System and City of Philadelphia Board of*
14 *Pensions and Retirement and Proposed Lead Counsel*

15                **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16
17 GUOHUA ZHU, Individually and on Behalf of )   Case No.  C-09-04208 JSW
   All Others Similarly Situated,            )
                                             )   CLASS ACTION
18                                           )
                        Plaintiff,           )   **NOTICE OF MOTION, MOTION**
19                                           )   **AND MEMORANDUM OF POINTS**
   vs.                                       )   **AND AUTHORITIES IN SUPPORT**
                                             )   **OF THE MOTION OF THE**
20 UCBH HOLDINGS, INC., THOMAS S. WU, )         **LOUISIANA MUNICIPAL POLICE**
   and EBRAHIM SHABUDIN,                     )   **EMPLOYEES' RETIREMENT**
21                                           )   **SYSTEM AND THE CITY OF**
                        Defendants.          )   **PHILADELPHIA BOARD OF**
22                                           )   **PENSIONS AND RETIREMENT TO**
                                             )   **CONSOLIDATE RELATED**
23                                           )   **ACTIONS, FOR APPOINTMENT AS**
                                             )   **LEAD PLAINTIFFS AND FOR**
24                                           )   **APPROVAL OF THEIR SELECTION**
                                             )   **OF LEAD COUNSEL**
25                                           )
                                             )   DATE:  December 18, 2009
26                                           )   TIME:   9:00 a.m.
                                             )   CTRM: 11, 19th Floor
27 _____ )

28

---

[C-09-04208 JSW] NOT. OF MOT., MOT. & MEM. OF P. & A. ISO LA. MPERS & CITY OF PHILA.
MOT. FOR CONSOLIDATION, APPOINTMENT OF LEAD PL. & APPOINTMENT OF LEAD COUNSEL

1  | TRAN,                                           ) | Case No. 09-cv-04429-JSW
2  |                          Plaintiff,             )
3  | vs.                                             )
4  | UCBH HOLDINGS, INC.,                            )
5  |                          Defendants.            )
6  |
7  | WATERFORD   TOWNSHIP   GENERAL )                  Case No. 09-cv-04449-MHP
   | EMPLOYEES' RETIREMENT SYSTEM,   )
8  |                          Plaintiff,             )
9  | vs.                                             )
10 | UCBH HOLDINGS, INC.,                            )
11 |                          Defendants.            )
12 |
13 | PEREZ,                                          ) | Case No. 09-cv-04492-JSW
   |                          Plaintiff,             )
14 |                                                 )
15 | vs.                                             )
16 | UCBH HOLDINGS, INC.,                            )
17 |                          Defendants.            )
18 | NYGAARD,                                        ) | Case No. 09-cv-04505-VRW
   |                          Plaintiff,             )
19 |                                                 )
20 | vs.                                             )
21 | UCBH HOLDINGS, INC.,                            )
22 |                          Defendants.            )
23 | DURBIN,                                         ) | Case No. 09-cv-04513-JSW
   |                          Plaintiff,             )
24 |                                                 )
25 | vs.                                             )
26 | UCBH HOLDINGS, INC.,                            )
27 |                          Defendants.            )
28 |

[C-09-04208 JSW] Not. of Mot., Mot. & Mem. of P. & A. ISO La. MPERS & City of Phila.
Mot. for Consolidation, Appointment of Lead Pl. & Appointment of Lead Counsel

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ....................................................................1

SUMMARY OF ARGUMENT ..............................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................3

I.   INTRODUCTION ............................................................................3

II.  ARGUMENT .................................................................................4

     A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......................................4

     B.   THE PENSION FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF
          BECAUSE THEY HAVE THE LARGEST FINANCIAL LOSSES AND ARE
          THE MOST CAPABLE OF ADEQUATELY REPRESENTING THE INTERESTS
          OF THE CLASS ...........................................................................5

          1.   Notice of Pendency ...............................................................6

          2.   The Pension Funds Are the Presumptive Lead Plaintiffs Because They Have
               the Largest Financial Interest in the Relief Sought By the Class ...........................7

               a.   The Pension Funds Have the Largest Financial Losses.................................7

               b.   As   Institutional   Investors,   the   Pension   Funds   Are
                    Preferred as Lead Plaintiffs ...................................................7

          3.   The Pension Funds Satisfy the Requirements of Rule 23.....................................10

               a.   The Pension Funds' Claims Are Typical of the Claims of the Class..............10

               b.   The Pension Funds Will Fairly and Adequately Represent the Interests
                    of the Class .......................................................................11

     C.   THE COURT SHOULD APPROVE THE PENSION FUNDS' SELECTION OF
          LEAD COUNSEL.........................................................................12

III. CONCLUSION................................................................................13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ................................................................2, 10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...................................................2, 10, 11

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ....................................................................*passim*

*In re Critical Path, Inc. Secs. Litig.*, 156 F. Supp. 2d 1102 (N.D. Cal. 2001).................................7

*In re Network Assocs., Inc. Secs. Litig.*, 76 F. Supp. 1017 (N.D. Cal. 1999) ..............................7, 8

*In re Veeco Instruments, Inc.*, 233 F.R.D. 330, (S.D.N.Y. 2005)....................................................8

*Investors Research Co. v. Dist. Ct. of the C.D. Cal.*, 877 F.2d 777 (9th Cir. 1989)....................2, 4

*Query v. Maxim Integrated Prods., Inc.,* 558 F. Supp. 2d 969 (N.D. Cal. 2008)............................6

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129 (C.D. Cal. 1999) ...............................2, 11

## UNREPORTED CASES

*In re Vaxgen Secs. Litig.*,
No. C 03-1129 JSW,
2004 U.S. Dist. LEXIS 29812 (N.D. Cal. Apr. 4, 2004) (White, J) ..........................................2, 6, 7

*Mohanty v. Bigband Networks, Inc.*,
No. C 07-5101 SBA,
2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 13, 2008) .......................................................*passim*

*Rubke v. Capital Bancorp, Ltd.*,
No. C 05-4800 PJH,
2006 U.S. Dist. LEXIS 25170 (N.D. Cal. Mar. 31, 2006).......................................................10, 11

*Schriver v. Impac Mortgage Holdings, Inc.*,
No. SACV 06-31 CJC,
2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) ..............................................................10

*Siegall v. Tibco Software, Inc.*,
No. C 05-2146 SBA,
2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) .............................................................2, 4

1

## **STATUTES**

2   15 U.S.C. § 77z-1(a)(3) (2009) ...............................................................................*passim*

3   15 U.S.C. § 78u-4(a)(3) (2009) ..............................................................................*passim*

4   H.R. Conference Report on Securities Litigation Reform, S. REP. NO. 104-98 (1995),
5       *reprinted in* 1995 U.S.C.C.A.N. 679 ...................................................................8

6

7

## **RULES**

8   FED. R. CIV. P. 23(a) ..........................................................................................10, 11

9   FED. R. CIV. P. 42(a) (2009) ....................................................................................2, 4

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on December 18, 2009, at 9:00 a.m., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Jeffrey S. White located at Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, the Louisiana Municipal Police Employees' Retirement System ("MPERS") and the City of Philadelphia Board of Pensions and Retirement ("Philadelphia," and together with MPERS, the "Pension Funds") will move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order:

(a)     consolidating all related actions;

(b)     appointing MPERS and Philadelphia as lead plaintiffs for a class of investors who purchased securities of UCBH Holdings, Inc. ("UCBH" or the "Company"); and

(c)     approving Berman DeValerio and Trujillo Rodriguez & Richards, LLC ("Trujillo Rodriguez & Richards") as lead counsel for the class.

This Motion is made on the grounds that the six federal securities law actions brought in this Court against UCBH share common questions of law and fact and should therefore be consolidated. Moreover, the Pension Funds are the most adequate lead plaintiffs, as defined by the PSLRA, based on their losses of over $296,000 which resulted from the wrongful conduct alleged in this action. The Pension Funds also satisfy the requirements of Federal Rule of Civil Procedure 23 because their claims are typical of other members of the class and they will fairly and adequately represent the class. Further, the Pension Funds have selected and retained counsel with substantial experience in successfully prosecuting securities fraud class actions to serve as lead counsel for the class.

The Pension Funds base this Motion on the notice of motion, the memorandum of points and authorities in support thereof, the declaration of Joseph J. Tabacco, Jr. in support thereof, the pleadings and other files herein, and such other written and oral arguments as may be presented to

1   the Court.

2   **SUMMARY OF ARGUMENT**

3   Movants, the Louisiana Municipal Police Employees' Retirement System and the City of

4   Philadelphia Board of Pensions and Retirement, seek an order consolidating the pending

5   complaints brought under federal securities laws against the defendants; appointing the movants

6   as lead plaintiffs; and approving their selection of counsel as lead counsel for the proposed class.

7   The Court should consolidate the related cases because they present common issues of law

8   and fact.  Moreover, consolidation will promote judicial efficiency and conserve the resources of

9   the Court and the parties. FED. R. CIV. P. 42(a) (2009); *Investors Research Co. v. Dist. Ct. of the*

10  *C.D. Cal.*, 877 F.2d 777 (9th Cir. 1989); *Siegall v. Tibco Software, Inc*., No. C 05-2146 SBA,

11  2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006); *Mohanty v. Bigband Networks, Inc.*, No.

12  C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 13, 2008).

13  The Court should appoint movants as lead plaintiffs for the class because they have the

14  largest financial interest in the litigation.  15 U.S.C. § 78u-4(a)(3) (2009); 15 U.S.C. § 77z-1(a)(3)

15  (2009); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); *In re Vaxgen Secs. Litig*., No. C 03-1129

16  JSW, 2004 U.S. Dist. LEXIS 29812 (N.D. Cal. Apr. 4, 2004) (White, J); *Mohanty*, 2008 U.S.

17  Dist. LEXIS 32764.  Also, movants' claims are typical of the class members and they are most

18  capable of adequately representing the class.  *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001);

19  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998); *Takeda v. Turbodyne Techs., Inc.*, 67 F.

20  Supp. 2d 1129 (C.D. Cal. 1999).  Moreover, as large, institutional investors, the movants are

21  preferred as lead plaintiffs under federal securities law.  *Mohanty*, 2008 U.S. Dist. LEXIS 32764.

22  The Court should also approve movants' selection of counsel because selected counsel

23  will provide high quality legal representation and will effectively protect the interests of the class.

24  15 U.S.C. § 78u-4(a)(3); 15 U.S.C. § 77z-1(a)(3); *Cavanaugh*, 306 F.3d 726.

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On September 11, 2009, Guohua Zhu filed a class action in this Court on behalf of all persons who purchased securities of UCBH during the period between April 24, 2008 and September 8, 2009, inclusive (the "Class"). The Zhu complaint named UCBH, Thomas S. Wu and Ebrahim Shabudin as defendants. Since then, five additional plaintiffs have filed complaints in this Court asserting largely identical claims against UCBH and its current and former officers and alleging identical class periods of April 24, 2008 through September 8, 2009, inclusive (the "Class Period").

Five of the complaints allege that throughout the Class Period, defendants violated federal securities laws by issuing materially false and misleading statements that artificially inflated UCBH's stock price. The plaintiffs claim these statements violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, promulgated thereunder by the Securities and Exchange Commission ("SEC"). One complaint alleges these claims and additional violations of Sections 11, 12, and 15 of the Securities Act in conjunction with a public offering conducted by UCBH on June 5, 2008.

UCBH is a Delaware corporation with its headquarters at 555 Montgomery Street, San Francisco, California. UCBH is the holding company for United Commercial Bank. United Commercial Bank provides retail and business banking services at over fifty branches throughout California. It also has branches in other states and Asia. United Commercial Bank caters principally to the financial needs of Chinese communities in the United States and to American companies doing business in China.

As alleged in the complaints, defendants issued false and misleading statements during the Class Period about UCBH's financial health that artificially inflated the price of UCBH's common stock. Specifically, the complaints alleged that defendants made untrue or misleading statements regarding the Company's financial picture by failing to disclose millions of dollars of loan charge-offs and other information about bad loans held by UCBH. Revelation of the true financial condition of UCBH caused its stock price to lose 14% of its value in one day (dropping

1    from the previous day's closing of $1.19 to close at $1.02 on September 8, 2009).

2           During the Class Period, MPERS purchased over 64,000 shares of UCBH common stock,

3    including net purchases of 38,600 shares during the Class Period.  MPERS lost over $148,000 as

4    a result of defendants' false and/or misleading statements.  Philadelphia purchased 27,650 shares

5    of UCBH common stock, including net purchases of 27,650 during the Class Period.  It also lost

6    over $148,000 as a result of defendants' false and/or misleading statements.  Defendants' conduct

7    caused the Pension Funds to collectively suffer losses of over $296,000.

8    **II.     ARGUMENT**

9           **A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

10          Federal Rule of Civil Procedure 42(a) grants the Court broad discretion to consolidate

11   cases on its docket.  FED. R. CIV. P. 42(a).  Rule 42(a) provides that, "if actions before the court

12   involve a common question of law or fact, the court may . . . consolidate the actions."  *See also*

13   *Investors Research Co.*, 877 F.2d at 777 ("the district court has broad discretion under [Rule

14   42(a)] to consolidate cases pending in the same district.").

15          Consolidation is proper when individual cases involve common questions of law or fact.

16   *See id.; Siegall*, 2006 U.S. Dist. LEXIS 26780, at **5-6 ("[The PSLRA] directs that cases should

17   be consolidated when more than one action is filed on behalf of a class asserting substantially the

18   same claim or claims.").   Securities class actions are particularly suitable for consolidation.

19   *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at **9-10 ("[C]lass action shareholder suits are ideally

20   suited to consolidation because their unification expedites proceedings, reduces duplication, and

21   minimizes the expenditure of time and money by all concerned.   Consolidation facilitates

22   discovery, conserves judicial resources and reduces the confusion and delay that result from

23   prosecuting related class actions separately.") (internal citation omitted).

24          The Court should consolidate the following related actions, now pending in this District:

| Name & Case No. | Filed | Judge Assigned |
|---|---|---|
| *Zhu v. UCBH Holdings, Inc.*, 09-cv-04208-JSW | Sept. 11, 2009 | Hon. Jeffrey S. White |
| *Tran v. UCBH Holdings, Inc.*, 09-cv-04429-JSW | Sept. 21, 2009 | Hon. Jeffrey S. White |

| Name & Case No. | Filed | Judge Assigned |
|---|---|---|
| *Waterford Township General Employees' Retirement System v. UCBH Holdings, Inc.*, 09-cv-04449-MHP | Sept. 22, 2009 | Hon. Marilyn Hall Patel |
| *Perez v. UCBH Holdings, Inc.*, 09-cv-04492-JSW | Sept. 23, 2009 | Hon. Jeffrey S. White |
| *Nygaard v. UCBH Holdings, Inc.*, 09-cv-04505-VRW | Sept. 24, 2009 | Hon. Vaughn R. Walker |
| *Durbin v. UCBH Holdings, Inc.*, 09-cv-04513-JSW | Sept. 24, 2009 | Hon. Jeffrey S. White |

Consolidation of these cases will promote judicial efficiency and conserve the resources of the Class and other parties.  All six complaints share common questions of law and fact.  They name the same core defendants: UCBH, Thomas Wu, Ebrahim Shabudin and Craig S. On.[1]  All allege that defendants made the same or similar untrue, false and/or misleading statements about UCBH's financial condition in order to artificially inflate the price of UCBH common stock in violation of the federal securities laws.

For these reasons, consolidation of the complaints is appropriate under Federal Rule 42(a).

**B.    THE PENSION FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF BECAUSE THEY HAVE THE LARGEST FINANCIAL LOSSES AND ARE THE MOST CAPABLE OF ADEQUATELY REPRESENTING THE INTERESTS OF THE CLASS**

The PSLRA sets forth a three step procedure for the appointment of lead plaintiffs in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(A)-(B); 15 U.S.C. § 77z-1(a)(3)(A)-(B); *Cavanaugh*, 306 F.3d at 729.  First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class.  15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(i).

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court appoints "the presumptively most adequate plaintiff" to serve as lead plaintiff.  The "presumptively most adequate plaintiff" is the person, or group of persons, that (1)

---

[1] While the Zhu and Durbin complaints do not name Craig S. On as a defendant, the other four do.

1   has either filed the complaint or made a motion in response to a notice; (2) has the largest

2   financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of

3   Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. §

4   77z-1(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729.  *See also Vaxgen Secs. Litig*., 2004 U.S. Dist.

5   LEXIS 29812, at *8; *Mohanty,* 2008 U.S. Dist. LEXIS 32764, at *7; *Query v. Maxim Integrated*

6   *Prods., Inc.,* 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008).

7          Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive

8   lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."

9   *Cavanaugh*, 306 F.3d at 730.  Only proof that the presumptively most adequate plaintiff "will not

10  fairly and adequately protect the interests of the class" or is "subject to unique defenses that

11  render such plaintiff incapable of adequately representing the class" can rebut the presumption in

12  favor of appointing the presumptively most adequate plaintiff as lead plaintiff.  15 U.S.C. § 78u-

13  4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Query*, 558 F. Supp. 2d at 973.

14                  **1.      Notice of Pendency**

15          Plaintiff in the first-filed action caused notice to be published through Marketwire on

16  September 11, 2009.  The notice announced that a securities class action had been filed against

17  the defendants and advised UCBH investors of the sixty day timeframe for filing a motion for

18  appointment as lead plaintiff.[2]  *See* Declaration of Joseph J. Tabacco, Jr. in Support of the Motion

19  of the Louisiana Municipal Police Employees' Retirement System and the City of Philadelphia

20  Board of Pensions and Retirement to Consolidate Related Actions, for Appointment as Lead

21  Plaintiffs and for Approval of their Selection of Lead Counsel ("Tabacco Decl."), Exhibit A.

22          MPERS and Philadelphia have filed this motion before the expiration of the sixty day

23  period since publication of the notice and have filed the requisite certifications.  *See* Tabacco

24  Decl., Exs. C and E.

25

26

27

28

---

[2] November 10, 2009 is the deadline date for filing a motion for appointment as lead plaintiff.

1
2

**2.     The Pension Funds Are the Presumptive Lead Plaintiffs Because They Have the Largest Financial Interest in the Relief Sought By the Class**

3

**a.     The Pension Funds Have the Largest Financial Losses**

4          The PSLRA establishes a rebuttable presumption that the lead plaintiff should be the

5   "person" or "group of persons" who "has the largest financial interest in the relief sought by the

6   class," and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

7   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Mohanty*, 2008 U.S. Dist.

8   LEXIS 32764, at *12 ("[D]istrict courts typically equate 'largest financial interest' with the

9   amount of potential recovery.") (citing *In re Critical Path, Inc. Secs. Litig.*, 156 F. Supp. 2d 1102,

10  1107-08 (N.D. Cal. 2001); *In re Network Assocs., Inc. Secs. Litig.*, 76 F. Supp. 1017, 1030 (N.D.

11  Cal. 1999)).  Courts calculate a plaintiff's financial interest "through accounting methods that are

12  both rationally and consistently applied to establish which one has the most to gain from the

13  lawsuit."  *Vaxgen Secs. Litig.*, 2004 U.S. Dist. LEXIS 29812, at *9 (internal quotation marks

14  omitted) (quoting *Cavanaugh*, 306 F.3d at 730).

15         During the Class Period, the Pension Funds purchased 66,250 shares of UCBH common

16  stock and consequently lost $296,906 under the First-In-First-Out ("FIFO") and $297,083 under

17  the Last-In-Last-Out ("LIFO") methodologies.[3]  The Pension Funds are unaware of any potential

18  movant with larger  losses and therefore believe that their investment in UCBH securities and

19  their losses from those investments exceed those of the other qualified movants seeking

20  appointment as lead plaintiff.  Therefore, the Pension Funds have the largest financial interest in

21  the relief sought by the Class.

22

**b.     As Institutional Investors, the Pension Funds Are Preferred as Lead Plaintiffs**

23

24         In passing the PSLRA, Congress expressed a clear preference for institutional investors to

25  lead securities class action lawsuits.  *See* H.R. Conference Report on Securities Litigation

26

---

27  [3] MPERS purchased 64,000 shares in UCBH common stock and consequently lost $148,846
28  under both FIFO and LIFO.  *See* Tabacco Decl., Ex. F. Philadelphia purchased 27,650 shares in
    UCBH common stock during the Class Period.  It consequently lost $148,060 and $148,237
    under FIFO and LIFO, respectively.  *See id.*.

Reform, S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts. . . [and] believes that an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors."); *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at \*17 ("It is true that Congress's intent in enacting the PSLRA provisions governing the appointment of lead plaintiff was, in part, to increase the likelihood that institutional investors will serve as lead plaintiffs.") (citing *In re Veeco Instruments, Inc*., 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)); *Network Assocs., Inc. Secs. Litig.,* 76 F. Supp. 2d at 1020 ("Congress expected that the lead plaintiff would normally be an institutional investor with a large stake in the outcome.").

The Pension Funds are exactly the types of institutional investors envisioned as lead plaintiffs by the PSLRA.  As institutional investors, the Pension Funds fully understand the role of fiduciaries and possess the financial sophistication, experience and resources to ensure that lead counsel will litigate in the best interests of the Class.  They fully understand the complexities of securities litigation and class actions, and their strength and position as institutional investors helps them command the best possible recovery from defendants.

MPERS manages approximately $1.2 billion in net assets and manages the pension and benefit funds of approximately 12,500 employee members, retirees and beneficiaries.  *See* Declaration of R. Randall Roche in Support of the Motion of the Louisiana Municipal Police Employees' Retirement System and the City of Philadelphia Board of Pensions and Retirement to Consolidate Related Actions, for Appointment as Lead Plaintiffs and for Approval of Their Selection of Lead Counsel ("Roche Decl."), filed herewith as Exhibit B to the Tabacco Decl. MPERS also has previously served as lead or co-lead plaintiff in other securities class actions, providing it with important experience managing complex litigation.  *See* Certification of Plaintiff Louisiana Municipal Police Employees' Retirement System Pursuant to Federal Securities Law and Local Rule 3-7(c), Ex. 2, filed herewith as Exhibit C to the Tabacco Decl.  MPERS is therefore an institutional investor with ample qualifications to serve as lead plaintiff in this

1    securities class action.

2          Philadelphia's portfolio represents the pension and benefit funds of approximately 33,000

3    members, retirees and beneficiaries and billions of dollars in assets.  *See* Declaration of Shelley

4    Smith in Support of the Motion of the Louisiana Municipal Police Employees' Retirement

5    System and the City of Philadelphia Board of Pensions and Retirement to Consolidate Related

6    Actions, for Appointment as Lead Plaintiffs and for Approval of Their Selection of Lead Counsel

7    ("Smith Decl."), filed herewith as Exhibit D to the Tabacco Decl., ¶ 3.  Philadelphia, like

8    MPERS, also has practical litigation management experience from its strong track record of

9    serving as lead or co-lead plaintiff in certain securities class actions.  *See* Certification of the City

10   of Philadelphia Board of Pensions and Retirement Pursuant to Federal Securities Laws and Local

11   Rule 3-7(c), filed herewith as Exhibit E to the Tabacco Decl., ¶ 5.  Philadelphia is therefore also

12   well-qualified to serve as lead plaintiff in this case.

13          Indeed, MPERS and Philadelphia already have a track record of successfully working

14   together as lead plaintiffs on behalf of a class of investors in the securities fraud class action

15   captioned *In re KLA-Tencor Securities Litigation*, Case No. C 06-04065 (CRB) (the "KLA

16   Action").  Working with the same counsel as here, the Pension Funds were able to obtain what

17   counsel believe was the fifth-largest settlement in any stock options back-dating case.  The

18   Honorable Charles R. Breyer complimented the Pension Funds and their counsel, Berman

19   DeValerio and Trujillo Rodriguez & Richards, saying "I appreciate the fact that you've done an

20   outstanding job, and you've been entirely reasonable in what you've done."  Tabacco Decl., Ex.

21   G.  As they did in the KLA Action, the Pension Funds will cooperate to ensure the effective

22   prosecution of this class action and to maximize the recovery for the Class.  MPERS and

23   Philadelphia have already agreed upon their approach to this case, consistent with their previous

24   working relationship.  They have selected counsel and agreed upon the best approach to

25   managing counsel and how to best ensure success for the Class.  *See* Roche Decl. ¶¶ 10-12; Smith

26   Decl. ¶¶ 9-11.

27

28

### 3.      The Pension Funds Satisfy the Requirements of Rule 23

The PSLRA also requires that the lead plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23.[4]  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).   Courts applying the PSLRA focus principally on the typicality and adequacy elements of Rule 23 in appointing a lead plaintiff.  *Rubke v. Capital Bancorp, Ltd*., No. C 05-4800 PJH, 2006 U.S. Dist. LEXIS 25170, at *8 (N.D. Cal. Mar. 31, 2006) ("If this plaintiff [with the largest financial losses] then makes a showing that they meet the Rule 23(a) 'typicality' and 'adequacy' requirements, the court must then consider this plaintiff the presumptive lead plaintiff.").   A prima facie showing of typicality and adequacy will qualify a movant for appointment as lead plaintiff.  *Schriver v. Impac Mortgage Holdings, Inc.,* No. SACV 06-31 CJC, 2006 U.S. Dist. LEXIS 40607, at *16 (C.D. Cal. May 1, 2006).

### a.      The Pension Funds' Claims Are Typical of the Claims of the Class

The typicality requirement of Federal Rule of Civil Procedure 23 is satisfied when the lead plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory.  *Armstrong*, 275 F.3d at 868 ("Typicality . . . is said to require that the claims of the class representatives be typical of those of the class, and to be satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability.") (citation and quotation marks omitted).   Typicality exists even among claims with minor distinctions.  *Hanlon*, 150 F.3d at 1020 ("[C]laims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *Rubke*, 2006 U.S. Dist. LEXIS 25170, at *8 (same).

Here, the Pension Funds acquired UCBH securities during the Class Period.  They did so at prices artificially inflated by the false statements and omissions of the defendants and they

---

[4]  Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class exist; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a).

1    suffered damages as a result.  The Pension Funds' claims, therefore, arise from the same events

2    and defendants' same course of conduct and are based on the same legal theory as the Class'

3    claims.  Indeed, the Pension Funds' claims are identical or virtually identical to those of other

4    Class members who invested in UCBH securities during the Class Period and sustained losses as

5    a consequence of defendants' misrepresentations.   Thus, the Pension Funds fully satisfy the

6    typicality requirement of Rule 23.

7            **b.      The Pension Funds Will Fairly and Adequately Represent the**
                       **Interests of the Class**
8

9            The adequacy of representation requirement of Rule 23 is satisfied where it is established

10   that a representative party "will fairly and adequately protect the interests of the class."  FED. R.

11   CIV. P. 23(a)(4); *Rubke*, 2006 U.S. Dist. LEXIS 25170, at **8-9.  Accordingly, the Ninth Circuit

12   has held that "[r]esolution of two questions determines legal adequacy: (1) do the named

13   plaintiffs and their counsel have any conflicts of interest with other class members and (2) will

14   the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"

15   *Hanlon*, 150 F.3d at 1020.  Further, the class representative must also have "sufficient interest in

16   the outcome of the case to ensure vigorous advocacy."  *Takeda,* 67 F. Supp. 2d at 1137.

17           The Pension Funds fully meet the adequacy requirement.  First, the Pension Funds, like

18   every member of the Class, purchased UCBH securities during the Class Period and suffered

19   losses from defendants' untrue, false and/or misleading statements.  Their interests and those of

20   their counsel are, therefore, aligned with, and not adverse to, those of the Class.

21           Second, as experienced institutional investors with previous, successful experience

22   working together, the Pension Funds will effectively manage this litigation and vigorously

23   represent the interests of all Class members.  To that end, they have already coordinated with

24   each other and established guidelines on how they will jointly manage the litigation and supervise

25   counsel in this case.  *See* Roche Decl., ¶ 10; Smith Decl., ¶ 9.  They have submitted the requisite

26   certifications and declarations which confirm that they understand and are willing to assume the

27   responsibilities of a lead plaintiff and commitment to actively manage counsel and the

28   prosecution of the litigation.  The declarations detail the efforts the Pension Funds will make to

keep informed of the events of the litigation, communicate with and supervise their counsel and directly participate in important litigation decisions.  The Pension Funds have also retained some of the most qualified and experienced securities class action attorneys to represent the Class. Tabacco Decl., Exs. G & H.  For these reasons, the Pension Funds are more than adequate class representatives.

### C.   THE COURT SHOULD APPROVE THE PENSION FUNDS' SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the court.  15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").  The Court should not interfere with lead plaintiff's selection unless necessary to protect the interests of the class. *Id*.

The Pension Funds have retained the law firms of Berman DeValerio and Trujillo Rodriguez & Richards to serve as lead counsel for the Class.  Berman DeValerio has extensive experience litigating complex securities class actions and has successfully obtained excellent recoveries on behalf of defrauded investors.  Tabacco Decl. Ex. G.  Berman DeValerio has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Roche Decl. ¶ 12.

Like Berman DeValerio, Trujillo Rodriguez & Richards has a proven track record of successful recoveries in complex securities fraud class actions.  Trujillo Rodriguez & Richards has the skill and knowledge necessary to prosecute this action effectively and expeditiously. Tabacco Decl. Ex. H.  Philadelphia is also very familiar with the skills of its selected counsel, having also retained the firm on a number of occasions, including the KLA Action.  Smith Decl. ¶ 11.

Furthermore, as noted above, Berman DeValerio and Trujillo Rodriguez & Richards have collaborated successfully in the past in a number of cases, including the KLA Action.  Roche Decl. ¶ 9; Smith Decl. ¶ 8.  The Court may therefore rest assured that, by approving the Pension

1  Funds' choice of co-lead counsel, the Class will receive the highest caliber of legal

2  representation.

3  **III.      CONCLUSION**

4         MPERS and Philadelphia respectfully request that the Court consolidate the above-

5  captioned related actions, appoint MPERS and Philadelphia as lead plaintiffs, approve their

6  selection of Berman DeValerio and Trujillo Rodriguez & Richards as lead counsel, and grant

7  such other relief as the Court may deem to be just and proper.

8  Dated: November 10, 2009                    **BERMAN DEVALERIO**

9

10                                             By: _____/S/_____
                                                     Joseph J. Tabacco, Jr.

11
                                               Nicole Lavallee
12                                             Anthony D. Phillips
                                               425 California Street, Suite 2100
13                                             San Francisco, CA  94104-2205
                                               Telephone:  (415) 433-3200
14                                             Facsimile: (415) 433-6382

15                                             Kenneth I. Trujillo
                                               Ira  Neil Richards
16                                             Jennifer Agnew
                                               **TRUJILLO RODRIGUEZ &**
17                                             **RICHARDS, LLC**
                                               1717 Arch Street, Suite 3838
18                                             Philadelphia, PA  19103
                                               Telephone:  (215) 731-9004
19                                             Facsimile:  (215) 731-9044

20                                             ***Attorneys   for   Proposed   Lead   Plaintiffs***
                                               ***Louisiana   Municipal   Police   Employees'***
21                                             ***Retirement   System   and   City   of   Philadelphia***
                                               ***Board   of   Pensions   and   Retirement   and***
22                                             ***Proposed Lead Counsel***

23

24

25

26

27

28