1   Robert C. Schubert (State Bar No. 62684)
    rschubert@schubertlawfirm.com
2   Willem F. Jonckheer (State Bar No. 178748)
    wjonckheer@schubertlawfirm.com
3   Dustin L. Schubert (State Bar No. 254876)
    dschubert@schubertlawfirm.com
4   SCHUBERT JONCKHEER KOLBE &
    KRALOWEC LLP
5   Three Embarcadero Center, Suite 1650
6   San Francisco, California 94111
    Telephone:  (415) 788-4220
7   Facsimile:  (415) 788-0161

8   *Proposed Liaison Counsel*

9   James M. Wilson, Jr.
    (To Be Admitted *Pro Hac Vice*)
10  jwilson@chitwoodlaw.com
11  Robert W. Killorin
    (To Be Admitted *Pro Hac Vice*)
12  rkillorin@chitwoodlaw.com
13  CHITWOOD HARLEY HARNES LLP
    2300 Promenade II
14  1230 Peachtree Street, NE
    Atlanta, Georgia 30309
15  Telephone:  (404) 873-3900
    Facsimile:  (404) 876-4476
16
17  *Attorneys for Movants and Proposed Lead Counsel*

**UNITED STATES DISTRICT COURT**
18  **NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**
19

20  GUOHUA ZHU, Individually And On          ) Case No. CV 09-04208-JSW
    Behalf Of All Others Similarly Situated, )
21                                           ) CLASS ACTION
                        Plaintiff,           )
22                                           ) **NOTICE OF MOTION AND MOTION OF**
    vs.                                      ) **THE DEKALB COUNTY PENSION FUND**
23                                           ) **FOR CONSOLIDATION, APPOINTMENT AS**
    UCBH HOLDINGS, INC., THOMAS              ) **LEAD PLAINTIFF AND APPROVAL OF LEAD**
24  S. WU, and EBRAHIM SHABUDIN,             ) **PLAINTIFF'S SELECTION OF LEAD**
                                             ) **COUNSEL; MEMORANDUM OF POINTS AND**
25                      Defendants.          ) **AUTHORITIES IN SUPPORT THEREOF**
                                             )
26                                           ) Date: December 18, 2009
27                                           ) Time:       9:00 am
                                             ) Ctrm:       11
28  _____) Hon. Jeffrey S. White

| | |
|---|---|
| HUY TRAN, Individually and On Behalf Of All Others Similarly Situated, | ) Case No. CV 09-04429-JSW<br>) (Related Case) |
| Plaintiff, | ) |
| vs. | ) Judge: Hon. Jeffrey S. White<br>) |
| UCBH HOLDINGS, INC., THOMAS WU, and CRAIG ON, | )<br>) |
| Defendants. | )<br>) |
| SALVADOR PEREZ, Individually and On Behalf Of All Others Similarly Situated, | ) Case No. CV 09-04492-JSW<br>) (Related Case) |
| Plaintiff, | ) |
| vs. | ) Judge: Hon. Jeffrey S. White<br>) |
| UCBH HOLDINGS, INC., THOMAS S. WU, EBRAHIM SHABUDIN, CRAIG S. ON, MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, BANK OF AMERICA CORPORATION, and SANDLER O'NEILL & PARTNERS L.P., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| DOMINIQUE DURBIN, Individually and On Behalf Of All Others Similarly Situated, | ) Case No. CV 09-04513-JSW<br>) (Related Case) |
| Plaintiff, | ) |
| vs. | ) Judge: Hon. Jeffrey S. White<br>) |
| UCBH HOLDINGS, INC., THOMAS S. WU,  and CRAIG ON | )<br>) |
| Defendants. | )<br>) |

DeKalb County Pension Fund's Notice of Motion, Motion, and Memorandum of Law Seeking Appointment as Lead Plaintiff, Consolidation, and Approval of Its Selection of Lead Counsel; Case No. CV 09-04208

WATERFORD TOWNSHIP GENERAL
EMPLOYEES RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

          Plaintiff,

      vs.

UCBH HOLDINGS, INC., THOMAS S.
WU, CRAIG S. ON and EBRAHIM
SHABUDIN

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09-04449-MHP

Judge: Hon. Marilyn H. Patel

DANIEL NYGAARD, WENDY FONG,
and JAMES ELAM, on behalf of
themselves and All Others Similarly
Situated,

          Plaintiff,

      vs.

UCBH HOLDINGS, INC., THOMAS
S. WU, CRAIG S. ON, and
EBRAHIM SHABUDIN,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09-O4505-VRW

Judge: Hon. Vaughn R. Walker

# **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ............................................................................... ii

NOTICE OF MOTION AND MOTION ........................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ..................................... iv

I.      SUMMARY OF ARGUMENT ............................................................... iv

II.     STATEMENT OF FACTS ........................................................................ 1

III.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED
        FOR EFFICIENCY.................................................................................. 2

IV.     DEKALB SHOULD BE APPOINTED LEAD PLAINTIFF .................. 3

        A.      The PSLRA Sets Forth Procedural Requirements ................... 3

        B.      DeKalb Is The "Most Adequate Plaintiff" ............................... 5

                1.      DeKalb Has Made A Motion For Appointment As Lead Plaintiff ............. 5

                2.      DeKalb Has The Largest Financial Interest ................................. 5

                3.      DeKalb Otherwise Satisfies Rule 23 .......................................... 6

                        a.      DeKalb fulfills the typicality requirement ...................... 7

                        b.      DeKalb fulfills the adequacy requirement ...................... 8

V.      THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL ............... 10

VI.     CONCLUSION........................................................................................ 11

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Armour v. Network Assoc.*,
171 F. Supp. 2d 1044 (N.D. Cal. 2001) .................................................................. 6

*Aronson v. McKesson HBOC, Inc.*,
79 F. Supp. 2d 1146 (N.D. Cal. 1999) ................................................................... 2

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) .......................................................................... 8

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ...................................................................... 9

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) .......................................................................... 4

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .............................................................................. 7

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ................................................................................ 7

*In re Cardinal Health, Inc. Sec. Litig.*,
226 F.R.D. 298 (S.D. Ohio 2005) ......................................................................... 9

*In re Cavanaugh*,
306 F.3d 727 (9th Cir. 2002) ............................................................................ 4-6

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002) .......................................................................... 6

*In re Enron Corp. Sec., Derivative & Erisa*,
No. MDL-1446, 2004 WL 405886 (S.D. Tex. Feb. 25, 2004) ........................... 10

*In re Equity Funding Corp. of Am. Sec. Litig.*,
416 F. Supp. 161 (C.D. Cal. 1976) .................................................................... 2-3

*In re Gemstar-TV Guide Intl. Inc. Sec. Litig.*,
209 F.R.D. 444 (C.D. Cal. 2002) .......................................................................... 5

*In re USEC Sec. Litig.*,
168 F. Supp. 2d 560 (D. Md. 2001) ...................................................................... 4

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
877 F.2d 777 (9th Cir. 1989) ................................................................................ 2

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ................................................................................ 3

*Kennedy v. Tallant*,
710 F.2d 711 (11th Cir. 1983) .............................................................................. 7

*Lax v. First Merchs. Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .............................. 4, 6

DeKalb County Pension Fund's Notice of Motion, Motion, and Memorandum of Law Seeking Appointment as Lead Plaintiff, Consolidation, and Approval of Its Selection of Lead Counsel; Case No. CV 09-04208

- ii -

*Newman v. Eagle Build. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002) ............................................................... 3

*Perez-Funez v. District Dir., Immigration & Naturalization Serv.*,
    611 F. Supp. 990 (C.D. Cal. 1984) ........................................................... 2

*Priest v. Zayre Corp.*,
    118 F.R.D. 552 (D. Mass. 1988) ............................................................... 7

*Richardson v. TVIA, Inc.*,
    No. C 06 06304-RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...........6-8

*Schwartz v. Harp*,
    108 F.R.D. 279 (C.D. Cal. 1985) .............................................................. 7

*Smith v. Suprema Specialties*, Inc.,
    206 F. Supp. 2d 627 (D.N.J. 2002) ........................................................... 9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................... 8

**Federal Statutes**

15 U.S.C. § 78u-4(a)(3) ............................................................................ 3

15 U.S.C. § 78u-4(a)(3)(A) ....................................................................... 4

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) .............................................................. v, 4, 11

15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................. 8

15 U.S.C. §78u-4(a)(3)(B)(iii) .................................................................. 4

**Federal Rules**

Fed. R. Civ. P. 23(a) ............................................................................... 6

Fed. R. Civ. P. 23(a)(4) ........................................................................... 8

Fed. R. Civ. P. 42(a) ............................................................................... 3

**Other Authorities**

H.R. REP. NO. 104-369 (1995) (Conf. Rep.) ............................................. 9

S. REP. NO. 104-98 (1995) ...................................................................... 9

DeKalb County Pension Fund's Notice of Motion, Motion, and Memorandum of Law Seeking Appointment as Lead
Plaintiff, Consolidation, and Approval of Its Selection of Lead Counsel; Case No. CV 09-04208
- iii -

## NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, December 18, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Jeffrey S. White located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Movant the DeKalb County Pension Fund ("DeKalb" or "Movant") will move, and hereby does move, under § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (1) consolidating related actions pursuant to Fed. R. Civ. P. 42(a), (2) appointing DeKalb as Lead Plaintiff, and (3) approving DeKalb's selection of Chitwood Harley Harnes LLP as Lead Counsel and Schubert Jonckheer Kolbe & Kralowec LLP as Liaison Counsel.

Movant seeks appointment as Lead Plaintiff and approval of Lead Plaintiff's choice of counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure, and the PSLRA. The Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, the Declaration of Robert W. Killorin, the Court's complete files and records in this action, and such oral argument as the Court may consider in deciding this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

Presently pending in this District are at least six related securities fraud class action lawsuits (the "Related Actions")[1] filed against UCBH Holdings, Inc. ("UCBH" or the "Company") and

---

[1] Movants are filing identical lead plaintiff papers in each of the above-captioned cases using the first-filed case number, CV 09-04208-JSW, *Zhu v. UCBH Holdings, Inc. et al* ("*Zhu*"). On September 30, 2009, the Court issued a Related Case Order, relating *Tran v. UCBH Holdings, Inc. et al.*, 09-cv-04429-JSW, ("*Tran*"), *Perez v. UCBH Holdings, Inc. et al.*, 09-cv-04492-JSW, ("*Perez*"), and *Durbin v. UCBH Holdings, Inc. et al.*, 09-cv-04513-JSW, ("*Durbin*"), to the first-filed case. (*Zhu*, Dkt. 9). Also, there is a pending Administrative Motion to relate the actions *Waterford v. UCBH Holdings, Inc. et al.*, 09-cv-04449-MHP, ("*Waterford*"), and *Nygaard v. UCBH Holdings, Inc. et al.*, 09-cv-04505-VRW, ("*Nygaard*"), to the first-filed case. (*Zhu*, Dkt. 12).

DeKalb County Pension Fund's Notice of Motion, Motion, and Memorandum of Law Seeking Appointment as Lead Plaintiff, Consolidation, and Approval of Its Selection of Lead Counsel; Case No. CV 09-04208

- iv -

certain of its officers and directors (hereinafter "Defendants") on behalf of persons who purchased or otherwise acquired UCBH securities during the period April 24, 2008 through September 8, 2009, inclusive (the "Class Period").[2]

DeKalb first seeks to consolidate these Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Here, each action asserts substantially the same claims against the Defendants and raises substantially the same questions of law and fact. Also, each of these cases alleges violations of Sections 10(b) and 20(a) of the Exchange Act. Thus, all of the prerequisites for consolidation under Rule 42(a) are present.

Additionally, DeKalb respectfully submits that the Court should appoint it Lead Plaintiff and approve its selection of counsel because said Movant has complied with the requirements of the PSLRA, has the largest financial interest in the outcome of this litigation, and meets the relevant requirements of Fed. R. Civ. P. 23. DeKalb believes that it has incurred the largest losses of any other movant, and, as such, it has the largest financial interest in the outcome of the litigation. DeKalb is thus the presumptive Lead Plaintiff in this action. DeKalb also satisfies the typicality and adequacy requirements under Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Additionally, Movant is an adequate representative of the Class. Finally, DeKalb has selected highly capable Lead Counsel. Chitwood Harley Harnes LLP ("Chitwood Harley Harnes") has extensive experience litigating securities class actions. For these reasons, the Court should approve DeKalb's selection of Lead Counsel and its motion for appointment as Lead Plaintiff.

---

[2] It is unclear what the asserted class period is in *Durbin* due to the unavailability of the complaint.

## II.   <u>STATEMENT OF FACTS</u>

UCBH Holdings, Inc. is a San Francisco-based holding company for United Commercial Bank ("UCB" or the "Bank").  UCB is a state-charted commercial bank that provides consumer and commercial banking services to small and medium sized businesses, with a significant portion of its business coming from the Chinese community and companies conducting business in China. Throughout the Class Period, the Defendants falsified UCBH's financial statements to overstate the Company's financial condition and conceal its deteriorating real estate assets.  The Company also under reserved for loan losses and falsely reported the value of other non-performing assets attributable to real estate investments.

Information about the Company's true financial condition started to emerge beginning on March 16, 2009 when Defendants restated the Company's loan loss provisions for the fourth quarter 2008, increasing the provision by $40 million.  Defendants also revealed that the Company had implemented a remediation effort to address weaknesses in its internal controls over financial reporting.  On April 23, 2009, Defendants reported a loan loss provision of nearly $180 million for the first quarter of 2009, far in excess of the previous quarter's provisions and nearly four times the provisions for any of the first three quarters in 2008.  While reporting these revised and increased loan loss provisions, however, Defendants continued to assert that the Company timely and accurately adjusted and reported its loan loss reserves, reaffirmed its strong capital position, and stated that the Bank was well-positioned to weather the volatile market.

Under continuing pressure, UCBH disclosed on May 20, 2009 that its financial statements for the entire year of 2008 and the first quarter of 2009 would have to be restated due to the failure to properly record loan impairments and related reserves and charge-offs associated with specific collateral dependent loans and other real estate owned properties.  Additionally, Defendants announced the formation of a special committee to investigate these and other matters.

DeKalb County Pension Fund's Notice of Motion, Motion, and Memorandum of Law Seeking Appointment as Lead Plaintiff, Consolidation, and Approval of Its Selection of Lead Counsel; Case No. CV 09-04208

- 1 -

On September 8, 2009, the last day of the Class Period, UCBH announced the results of the special committee investigation, which included findings that Company officers had engaged in intentional, improper actions to cover up losses and deteriorating asset quality. The special committee found that there had been improper modification of loan terms to delay negative consequences, and delayed recognition of risk rating downgrades and specific reserves. Other findings included misrepresentations or omissions of relevant information in communicating with the Bank's finance department and with the Company's independent auditors as well as the modification of supporting documents. UCBH also announced the resignation of Defendants Wu and Shabudin and the pending replacement of Defendant On as Chief Financial Officer.

Additionally, the Company disclosed that the Bank had entered into a Consent Agreement with the Federal Deposit Insurance Corporation and the California Department of Financial Institutions arising from a September 3, 2009 cease and desist order requiring the Bank to stop engaging in unsafe and unsound practices. In the Consent Agreement, the Bank agreed to implement numerous corrective steps to address its deficient internal controls. As a result of the disclosures beginning on March 16, 2009, UCBH's common stock lost nearly 60% of its value.

## III.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR EFFICIENCY

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Aronson v. McKesson HBOC, Inc*., 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999); *In re Equity Funding Corp. of Am. Sec. Litig*., 416 F. Supp. 161, 175 (C.D. Cal. 1976). This Court has broad discretion under Rule 42 to consolidate cases pending within this district. *See Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.,* 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. District Dir*., *Immigration & Naturalization Serv*., 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("A Court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored.") (citations omitted).

Courts have recognized that class action shareholder suits, in particular, are ideally suited for consolidation pursuant to Rule 42(a) because consolidation of many actions involving the same parties and issues expedites pretrial and discovery proceedings, reduces duplication, and minimizes the costs and time expended by all persons involved. *See In re Equity*, 416 F. Supp. at 176. Consolidation further reduces delay or prejudice that may result from prosecuting the Related Actions separately. Consolidation of the Related Actions thus is appropriate as common questions of law and fact predominate the issues in the actions. *See* Fed. R. Civ. P. 42(a).

Each of the Related Actions asserts similar class claims brought on behalf of purchasers of UCBH securities who purchased in reliance on Defendants' materially false and misleading statements and/or omissions during the Class Period. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Newman v. Eagle Build. Techs.*, 209 F.R.D. 499, 501-02 (S.D. Fla. 2002); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The DeKalb County Pension Fund respectfully submits that the requirements for consolidation are met here and that the Related Actions should be consolidated.

## IV.   DEKALB SHOULD BE APPOINTED LEAD PLAINTIFF

The DeKalb County Pension Fund should be appointed Lead Plaintiff because it has complied with all of the PSLRA's requirements, has demonstrated the largest financial interest in this litigation, and otherwise meets the relevant requirements of Fed. R. Civ. P. 23. As the presumptive Lead Plaintiff, Movant's selection of Chitwood Harley Harnes to serve as Lead Counsel and Schubert Jonckheer Kolbe & Kralowec LLP ("Schubert Jonckheer") to serve as Liaison Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), should also be approved by the Court.

### A.   The PSLRA Sets Forth Procedural Requirements.

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-

4(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the complaint, publish a notice informing the Class members of their right to seek appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, regardless of whether they previously have filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) & (B).  Plaintiff in this action published a notice on *Marketwire* on September 11, 2009.  *See* Killorin Decl. at Ex. B.[3]  This notice indicated that applications for appointment as lead plaintiff were to be made no later than 60 days from September 11, 2009 (by November 10, 2009).

Next, within 90 days after publication of the initial notice of pendency, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that
>
> > (aa)  has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 727, 730 (9th Cir. 2002).

---

[3] *Marketwire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 567 (D. Md. 2001); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *1 (N.D. Ill. Aug. 6, 1997).

B.      **DeKalb Is The "Most Adequate Plaintiff."**

1.      **DeKalb Has Made A Motion For Appointment As Lead Plaintiff.**

The time period in which class members may move to be appointed as Lead Plaintiff in this case expires on November 10, 2009.  Movant's application, filed on November 10, 2009, thus is timely.  Movant has reviewed the complaint, adopts its allegations, and is willing to serve as the representative party on behalf of the Class.  *See* Killorin Decl. at Ex. A.  In addition, DeKalb has selected and retained competent counsel to represent it and the Class as Lead Counsel.  *See* Killorin Decl. at Ex. C.  Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4 (a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and its selection of Chitwood Harley Harnes as Lead Counsel approved by the Court.

2.      **DeKalb Has The Largest Financial Interest.**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the Class member who represents the largest financial interests in the relief sought in the action.  *In re Gemstar-TV Guide Intl. Inc. Sec. Litig.*, 209 F.R.D. 444, 450 (C.D. Cal. 2002); *see also In re Cavanaugh*, 306 F.3d at 730.  Movant has calculated its losses as $759,578.54 on a first-in first-out basis ("FIFO") and on a last-in last-out basis ("LIFO") as a result of its investment in UCBH securities.[4]  Movant believes that it has incurred the largest loss of any other movant, and, as such, it has the largest financial interest in the outcome of the litigation.  DeKalb is thus the presumptive Lead Plaintiff in this action.  *See* Killorin Decl. at Ex. A.  Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, to monitor the litigation to prevent it from being

---

[4] The losses suffered by Movant are not necessarily the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(d)(A) and based upon reference to information concerning the current market for the Company's securities.

'lawyer-driven.'" *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 442 (S.D. Tex. 2002).  For these

reasons, DeKalb has the largest known financial interest in the relief sought by the Class.

### 3.    DeKalb Otherwise Satisfies Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial

interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party

may serve as a class representative if the following requirements are satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests
> of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification however, only two – typicality and adequacy

– directly address the personal characteristics of the class representative.  "While the PSLRA

requires that the lead plaintiff satisfy all of Rule 23's requirements, the third and fourth

requirements of Rule 23 – typicality and adequacy – are the key factors for a court's lead plaintiff

determination." *Armour v. Network Assoc.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).

Consequently, in deciding a motion to be appointed lead plaintiff, the Court should limit its inquiry

to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining

requirements until the lead plaintiff moves for class certification.  *Richardson v. TVIA, Inc.*, No. C

06 06304-RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *In re Cavanaugh*, 306

F.3d at 730); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *6 (N.D.

Ill. Aug. 6, 1997).  Movant satisfies both the typicality and adequacy requirements of Rule 23,

thereby justifying its appointment as Lead Plaintiff.

### a.   DeKalb fulfills the typicality requirement.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)) (omitting internal citations); *see also Richardson*, 2007 WL 1129344, at *4 (typicality satisfied where proposed lead plaintiff shared substantially similar questions of law and fact with other members of the class and the claims arose from the same course of conduct by defendants).

This does not require that the representative claims be substantially identical, rather that they are "reasonable co-extensive with those of absent class members."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).  Because the generalized nature of the claims asserted determines whether the class representative is typical, typicality does not require that there be no factual differences between the class representatives and the class members.  *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 55 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.") (citations omitted).  Because Movant seeks to prove that Defendants "committed the same unlawful acts in the same methods against an entire class . . . all members of this class have identical claims, and therefore, the typicality requirement of Rule 23(a)(3) is satisfied." *Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983).

Movant DeKalb seeks to represent a class of purchasers of UCBH securities which have identical, non-competing, and non-conflicting interests.  DeKalb satisfies the typicality requirement because, just like all other Class members, it: (1) purchased or acquired UCBH securities during

the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) consequently suffered economic loss.  Thus, as Movant's claims and the claims of other Class members arise out of the same course of events, DeKalb's claims are typical of those of other Class members.

### b.    DeKalb fulfills the adequacy requirement.

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  This requirement is met if "there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson*, 2007 WL 1129344, at *4 (citing Fed. R. Civ. P. 23(a)(4)); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  As detailed above, DeKalb is an adequate representative of the Class because it shares common questions of law and fact with the members of the Class, and its claims are typical of the claims of other Class members.  As evidenced by its injuries from purchasing and/or acquiring UCBH securities at prices artificially inflated by Defendants' materially false and misleading statements, Movant's interests are aligned with the interests of the members of the Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class.

Further, DeKalb has already taken significant steps demonstrating that it has protected, and will protect, the interests of the Class: it has executed a certification detailing its Class Period transactions and expressing its willingness to serve as Lead Plaintiff; it has moved this Court to be appointed as Lead Plaintiff; and it has retained competent and experienced counsel who, as shown below, will be able to prosecute this complex litigation in a professional manner.  *See generally Lax*, 1997 WL 461036, at *5-7.  Furthermore, DeKalb has the largest known financial interest which gives it "an incentive to prosecute the case vigorously." *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004).  Thus, Movant, in addition to having the largest financial interest, also *prima*

*facie* satisfies the typicality and adequacy requirements of Rule 23 and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action.

Moreover, the legislative history of the PSLRA demonstrates that Congress intended to encourage large institutional investors, especially public pension funds, to serve as Lead Plaintiff. Courts have recognized that public pension funds such as DeKalb are particularly favored as lead plaintiffs: "The Court also notes that the members of the aptly-named Pension Fund Group are **public institutional investors**, which comports with **the PSLRA's expressed preference for such lead plaintiffs**." *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 305 (S.D. Ohio 2005) (emphasis added); *see also Smith v. Suprema Specialties*, Inc., 206 F. Supp. 2d 627, 639 (D.N.J. 2002) (court appointed public pension fund over investment management company with larger losses because public pension fund "possesses the financial sophistication and expertise to ensure that the litigation will proceed in the best interests of the Class"). As Congress noted in the Statement of Managers of the PSLRA:

> Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.). Similarly, the Senate Report on the PSLRA states in pertinent part:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interest as the plaintiff class generally. . . .

S. REP. NO. 104-98, at 11 (1995). Furthermore, a public pension fund is "accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class." *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). As a public pension fund, DeKalb is the prototypical lead plaintiff under the PSLRA because it has a significant interest

1   in seeking financial redress and will represent the interests of the Class effectively by directing and

2   controlling the litigation.

3          Finally, appointing a single institution as lead plaintiff and a single law firm as lead counsel

4   will promote the efficient conduct of this litigation by reducing the complications that accompany

5   multiple layers of attorneys and plaintiffs.  *See generally In re Enron Corp. Sec., Derivative &*

6   *Erisa*, No. MDL-1446, 2004 WL 405886, at *3 n.12 (S.D. Tex. Feb. 25, 2004).

7   **V.      THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL**

8

9          Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval,

10  select and retain counsel to represent the Class.  The Court should not disturb the lead plaintiff's

11  choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-

12  4(a)(3)(B)(iii)(II)(aa).  Movant has selected and retained Chitwood Harley Harnes LLP ("Chitwood

13  Harley Harnes") to serve as Lead Counsel for the Class.  Chitwood Harley Harnes has extensive

14  experience in prosecuting complex securities actions and is well-qualified to represent the Class.

15  *See* Killorin Decl. at Ex. C.  In its home jurisdiction, the Northern District of Georgia, Chitwood

16  Harley Harnes leads the majority of all securities class actions.  The firm has served as lead or co-

17  lead counsel in many high profile class actions throughout the country, recovering billions of

18  dollars for investors and others harmed by corporate mismanagement, and has forced a number of

19  important corporate reforms.  For example, as co-lead counsel in *Bank of America Sec. Litig.*, MDL

20  No. 1264 (E.D. Mo.), a case presided over by the District Court for the Eastern District of

21  Missouri, Chitwood Harley Harnes obtained a $490 million recovery; as co-lead counsel in *Oxford*

22  *Health Plans, Inc. Sec. Litig.*, MDL No. 1222 (CLB) (S.D.N.Y.), the firm secured a $300 million

23  recovery in the Southern District of New York; as sole lead counsel in *Providian Fin. Corp. Sec.*

24  *Litig.*, No. C-01-3952-CRB (N.D. Cal.), Chitwood Harley Harnes obtained a $65 million recovery

25  for the class in a case filed in the Northern District of California; and as co-lead counsel in

26

27

28  *Carpenters Health & Welfare Fund, et al. v. The Coca-Cola Co., et al.*, No. 1:00-CV-2838-WBH

1
2
(N.D. Ga.), Chitwood Harley Harnes secured a $137.5 million recovery in the Northern District of Georgia.[6]

3
4
5
6
7
Finally, DeKalb's choice of liaison counsel, the San Francisco-based law firm of Schubert Jonckheer Kolbe & Kralowec LLP has experience dealing with securities and class actions in both the state and federal courts. *See* Killorin Decl. at Ex. D. Thus the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

8
9
10
11
Because there is nothing to suggest that the Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses, this Court should appoint DeKalb as Lead Plaintiff and approve its selection of Chitwood Harley Harnes as Lead Counsel for the Class.

12
## VI.    CONCLUSION

13
14
15
16
17
For all the foregoing reasons, Movant DeKalb satisfies the requirements of the PSLRA for the appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Movant respectfully requests that the Court (1) consolidate for all purposes the Related Actions; (2) appoint the DeKalb County Pension Fund as Lead Plaintiff; and

18
19
20
21
22
23
24
25
26

---

[6]   Additional significant recoveries obtained by Chitwood Harley Harnes for shareholders include: *In re 1996 Medaphis Corp. Sec. Litig.*, Civil Action No. 1:96-CV-2088-TWT (N.D. Ga.) ($72.5 million); and *In re JDN Realty Corp. Sec. Litig.*, Civil Action No. 1:00-CV-0396-RWS (N.D. Ga.) ($47 million).

27
28

1   (3) approve Movants' choice of Chitwood Harley Harnes LLP as Lead Counsel and Schubert

2   Jonckheer Kolbe & Kralowec LLP as Liaison Counsel.

3   Dated:  November 10, 2009                    Respectfully submitted,

4                                                **SCHUBERT JONCKHEER KOLBE &**
5                                                    **KRALOWEC LLP**

6                                                By:   /s/ Dustin L. Schubert
7                                                Robert C. Schubert (State Bar No. 62684)
                                                 Willem F. Jonckheer (State Bar No. 178748)
8                                                Dustin L. Schubert (State Bar No. 254876)
                                                 Three Embarcadero Center, Suite 1650
9                                                San Francisco, California 94111
                                                 Telephone:  (415) 788-4220
10                                               Facsimile:  (415) 788-0161

11
                                                 *Proposed Liaison Counsel*
12

13                                               **CHITWOOD HARLEY HARNES LLP**
                                                 Martin D. Chitwood
14                                               James M. Wilson, Jr.
                                                 Robert W. Killorin
15                                               2300 Promenade II
                                                 1230 Peachtree Street, NE
16                                               Atlanta, Georgia 30309
                                                 Telephone:  (404) 873-3900
17                                               Facsimile:  (404) 876-4476

18
                                                 *Counsel for Movants and Proposed Lead Counsel*
19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2009, I electronically filed the foregoing "**NOTICE OF MOTION AND MOTION OF THE DEKALB COUNTY PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Michael M. Golberg - info@glancylaw.com
Lionel Z. Glancy – info@glancylaw.com
**Glancy & Binkow LLP**
1801 Avenue of the Stars, Ste. 311
Los Angeles, CA 90067

Erik D. Peterson - epeterson@btkmc.com
Ramzi Abadou - rabadou@btkmc.com
**Barroway Topaz Kessler Meltzer**
   **Check, LLP**
580 California Street, Ste. 1750
San Francisco, CA 94104

Laurence M. Rosen - lrosen@rosenlegal.com
**The Rosen Law Firm, P.A.**
350 5th Avenue, Suite 5508
New York, NY 10118

Darren J. Robbins - darrenr@csgrr.com
David C. Walton - davew@csgrr.com
Matthew P. Montgomery - mattm@csgrr.com
**Coughlin Stoia Geller Rudman**
   **& Robbins LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101

Shawn A. Williams - shawnw@csgrr.com
**Coughlin Stoia Geller Rudman**
   **& Robbins LLP**
100 Pine Street, 26th Floor
San Francisco, CA 94111

Robert S. Green - gw@classcounsel.com
**Green Welling, P.C.**
595 Market Street, Suite 2750
San Francisco, CA 94105

*Counsel for Defendants*

Anna Erickson White - awhite@mofo.com
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105

Sean T. Strauss -
sean.strauss@shearman.com
**Shearman & Sterling**
525 Market, Suite 1500
San Francisco, CA 94105

and I have mailed the foregoing document by United States Postal Service, by first class mail,

---

DeKalb County Pension Fund's Notice of Motion, Motion, and Memorandum of Law Seeking Appointment as Lead
Plaintiff, Consolidation, and Approval of Its Selection of Lead Counsel; Case No. CV 09-04208

postage prepaid, to the following attorneys:

Ralph M. Stone - rstone@lawssb.com
Amanda C. Scuder - ascuder@lawssb.com
**Shalov Stone Bonner & Rocco LLP**
485 Seventh Ave, Suite 1000
New York, NY 10018

Phillip P. Kim - pkim@rosenlegal.com
**The Rosen Law Firm, P.A.**
350 5th Avenue, Suite 5508
New York, NY 10118

     This 10th day of November 2009.

                                        /s/ Dustin L. Schubert
                                    Dustin L. Schubert (State Bar No. 254876)