| | |
|---|---|
| 1 | JORDAN ETH (CA SBN 121617) |
|   | JEth@mofo.com |
| 2 | ANNA ERICKSON WHITE (CA SBN 161385) |
|   | AWhite@mofo.com |
| 3 | CRAIG D. MARTIN (CA SBN 168195) |
|   | CMartin@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 5 | San Francisco, California 94105-2482 |
|   | Telephone: 415.268.7000 |
| 6 | Facsimile: 415.268.7522 |
| 7 | Attorneys for Defendant |
|   | Craig S. On |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GUOHUA ZHU, Individually and On Behalf of All Others Similarly Situated, | Case No.    CV 09-04208-JSW |
| Plaintiff, | CLASS ACTION |
| vs. | **INDIVIDUAL DEFENDANT CRAIG S. ON'S RESPONSE TO MOTIONS TO CONSOLIDATE AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL** |
| UCBH HOLDINGS, INC., THOMAS S. WU, and EBRAHIM SHABUDIN, | |
| Defendants. | Date: December 18, 2009 |
| | Time: 9:00 a.m. |
| | Dept: 11, 19th Floor |
| HUY TRAN, Individually and On Behalf of All Others Similarly Situated, | Case No.    CV 09-04429-JSW (Related Case) |
| Plaintiff, | |
| vs. | |
| UCBH HOLDINGS, INC., THOMAS S. WU, and CRAIG ON, | |
| Defendants. | |

| | | |
|---|---|---|
| DOMINIQUE DURBIN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, and CRAIG ON,<br><br>　　　　　Defendants. | Case No. | CV 09-04513-JSW<br>(Related Case) |
| WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON, and EBRAHIM SHABUDIN,<br><br>　　　　　Defendants. | Case No. | CV 09-4449-MHP |
| DANIEL NYGAARD, WENDY FONG, and JAMES ELAM, On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON, and EBRAHIM SHABUDIN,<br><br>　　　　　Defendants. | Case No. | CV 09-4505-VRW |

1    Individual defendant Craig S. On ("Defendant On") responds as follows to the (1) Notice of Motion, Motion and Memorandum of Points and Authorities in Support of the Louisiana Municipal Police Employees' Retirement System and the City of Philadelphia Board of Pensions and Retirement ("Louisiana Group") to Consolidate Related Actions, for Appointment as Lead Plaintiffs and for Approval of Their Selection of Lead Counsel; (2) Notice of Motion and Motion of the DeKalb County Pension Fund ("DeKalb County") for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; (3) The Firefighters' Pension System of the City of Kansas City, Missouri Trust's ("Firefighters") Notice of Motion and Motion for Consolidation of Related Cases, Appointment of Lead Plaintiff, and Approval of Their Selection of Counsel; (4) Notice of Motion and Motion of Mark Cooper for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Co-Lead Counsel; (5) Movants The Chans' Notice of Motion for Appointment of Lead Plaintiff and for Approval of Their Choice of Lead and Liaison Counsel for the Class; (6) Pension Trust Fund for Operating Engineers' ("Operating Engineers") Notice of Motion and Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel; (7) The Yan Group's Notice of Motion and Motion for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel; and (8) Notice of Motion and Motion of Kyung Cho to Consolidate Related Actions, for Appointment as Lead Plaintiff and Approval of Selection of Counsel.[1]

Pursuant to Local Rule 7-3(b), Defendant On hereby informs the Court that he does not oppose these motions to consolidate.[2]  Defendant On agrees that consolidation of these actions is appropriate.

Defendant On takes no position as to which movant should be appointed lead plaintiff or plaintiffs, or which law firms should be appointed lead counsel.  These selections, however,

---

[1] Chite Lai also moved for consolidation and for appointment as lead plaintiff.  He withdrew his motion on November 20, 2009.

[2] Defendant On is a named defendant in four of the five complaints at issue.  In light of the likelihood that Defendant On will be a named defendant in the final consolidated class action complaint, Defendant On replies to all of plaintiffs' motions to consolidate and appoint lead plaintiff.

IND. DEF. CRAIG ON'S RESP. TO MOTS. TO CONSOLIDATE AND APPT. LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. 09-04208-JSW
sf-2771792

1

1  should occur in accordance with the purposes of the Private Securities Litigation Reform Act
2  ("Reform Act"), 15 U.S.C. §§ 78u-4 *et seq.*, which aims in part to encourage the efficient
3  resolution of securities litigation.  *See, e.g., In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D.
4  656, 660 (D. Colo. 2000) (explaining that under the Reform Act courts should appoint a lead
5  plaintiff capable of effectively managing the litigation).  The lead-plaintiff motions filed in this
6  case raise several issues in this regard.

7        First, the motion and proposed order filed by Louisiana Group risks inefficiencies
8  incompatible with the intent of the Reform Act by proposing the appointment of a lead-plaintiff
9  group without providing details about member relationships and decision-making authority.
10 While small groups may be appointed lead plaintiffs, *see id.* at 659 (explaining that groups with
11 three-to-five members are permissible), they can also complicate litigation if group members
12 either prove unable to resolve strategic or tactical disagreements as to how the litigation should
13 proceed, or fail to articulate which member possesses final decision-making authority within the
14 group.  *See In re: Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308-9 (S.D.N.Y. 2001) (raising
15 concerns about lead-plaintiff groups); *In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 540-
16 41 (N.D. Ohio 2001) (same).  For these reasons, courts have declined to appoint lead-plaintiff
17 groups composed of previously unrelated individuals.  *See id.*

18       Second, several of the plaintiffs' motions for lead plaintiff risk inefficiencies incompatible
19 with the Reform Act because they propose co-lead counsel or liaison counsel, without specifying
20 who among counsel possesses final authority to speak and act on plaintiffs' behalf.  *See Yousefi v.*
21 *Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1072 (C.D. Cal. 1999) (holding that class interests
22 would be best served by appointing one law firm to manage the case).  The Louisiana Group
23 proposes the appointment of co-lead counsel, while DeKalb County, the Firefighters, the Chans,
24 and the Yan Group propose the appointment of multiple firms as lead and liaison counsel.  These
25 plaintiffs' motions offer no explanation as to why two law firms are needed.  To efficiently
26 address issues arising during this litigation and avoid confusion and duplication, Defendant On
27 should know which counsel possesses the appropriate authority for any issues that arise.  *See,*
28 *e.g., In re Vaxgen Sec. Litig.*, 2004 U.S. Dist. LEXIS 29812, at *19 (N.D. Cal. Apr. 14, 2004)

IND. DEF. CRAIG ON'S RESP. TO MOTS. TO CONSOLIDATE AND APPT. LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. 09-04208-JSW
sf-2771792

2

1  (appointing lead and liaison counsel "provided that there is no duplication of attorneys' services
2  and that the use of liaison counsel does not in any way increase attorneys' fees and expenses").
3  Defendant On, therefore, requests that this Court appoint a single law firm as the authorized
4  representative of the lead plaintiff, with sole authority to speak regarding scheduling, stipulations,
5  discovery, and all other issues in the litigation, and to accept service of all pleadings and papers.
6      Finally, because appointing lead plaintiff and lead counsel is a preliminary process among
7  plaintiffs and their counsel, Defendant On does not address or concede any arguments on the
8  merits of plaintiffs' claims, class certification, or other matters.

Dated: November 25, 2009

JORDAN ETH
ANNA ERICKSON WHITE
CRAIG MARTIN

MORRISON & FOERSTER LLP


By: /s/ Anna Erickson White
      Anna Erickson White

Attorneys for Defendant
Craig S. On

IND. DEF. CRAIG ON'S RESP. TO MOTS. TO CONSOLIDATE AND APPT. LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. 09-04208-JSW
sf-2771792

3