Robert C. Schubert (State Bar No. 62684)
rschubert@schubertlawfirm.com
Willem F. Jonckheer (State Bar No. 178748)
wjonckheer@schubertlawfirm.com
Dustin L. Schubert (State Bar No. 254876)
dschubert@schubertlawfirm.com
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:  (415) 788-4220
Facsimile:  (415) 788-0161

*Proposed Liaison Counsel*

James M. Wilson, Jr. (To Be Admitted *Pro Hac Vice*)
jwilson@chitwoodlaw.com
Robert W. Killorin (To Be Admitted *Pro Hac Vice*)
rkillorin@chitwoodlaw.com
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 873-3900
Facsimile:  (404) 876-4476

*Attorneys for Movant and Proposed Lead Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GUOHUA ZHU, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, and EBRAHIM SHABUDIN,<br><br>Defendants. | Case No. CV 09-04208-JSW<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEKALB COUNTY PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**<br><br>Date:  December 18, 2009<br>Time:  9:00 a.m.<br>Ctrm:  11<br>Hon. Jeffrey S. White |

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

| | |
|---|---|
| HUY TRAN, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UCBH HOLDINGS, INC., THOMAS WU, and CRAIG ON,<br><br>Defendants. | Case No. CV 09-04429-JSW<br>(Related Case)<br><br>Judge: Hon. Jeffrey S. White |
| SALVADOR PEREZ, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, EBRAHIM SHABUDIN, CRAIG S. ON, MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, BANK OF AMERICA CORPORATION, and SANDLER O'NEILL & PARTNERS L.P.,<br><br>Defendants. | Case No. CV 09-04492-JSW<br>(Related Case)<br><br>Judge: Hon. Jeffrey S. White |
| DOMINIQUE DURBIN, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UCBH HOLDINGS, INC., THOMAS S. WU, and CRAIG ON<br><br>Defendants. | Case No. CV 09-04513-JSW<br>(Related Case)<br><br>Judge: Hon. Jeffrey S. White |

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

| | |
|---|---|
| WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON and EBRAHIM SHABUDIN <br><br> Defendants. | Case No. CV 09-04449-MHP <br><br> Judge: Hon. Marilyn H. Patel |
| DANIEL NYGAARD, WENDY FONG, and JAMES ELAM, on behalf of themselves and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> UCBH HOLDINGS, INC., THOMAS S. WU, CRAIG S. ON, and EBRAHIM SHABUDIN, <br><br> Defendants. | Case No. CV 09-O4505-VRW <br><br> Judge: Hon. Vaughn R. Walker |

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEKALB COUNTY PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>**

The DeKalb County Pension Fund ("DeKalb") respectfully submits this Memorandum of Points and Authorities in further support of its motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 78u-4(a)(3)(B).

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 1 -

**INTRODUCTION AND STATEMENT OF FACTS**

Currently pending before this Court are six related securities fraud class action lawsuits (the "Related Actions")[1] in which there are eight competing applications for appointment as lead plaintiff in this class action litigation.[2] Movant the Yan Group, consisting of Bai Zhi Lan, Yan Properties, Inc., and Daylee Home Brother, Inc., (inclusively, the "Yan Group"), and the individual movant Kyung Cho ("Cho") have larger claimed losses than DeKalb. However, DeKalb has the largest financial interest of the movants that are institutional investors, for which the PSLRA has an expressed preference. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 305 (S.D. Ohio 2005).

When relevant factors are considered, DeKalb has larger losses than movant Pension Trust Fund for Operating Engineers ("Pension Trust Fund"). The Pension Trust Fund is considered an "in-and-out" trader because, based on its certification, it bought and sold all of its UCBH securities within the Class Period. Consequently, based on the allegations in the complaint, the Pension Trust Fund's losses may prove to not be recoverable because they may not be attributable to the fraud. *See e.g. In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 379 (E.D. Va. 2003). Such "in-and-out" traders are rejected as lead plaintiffs because they have suffered no recoverable loss under Supreme Court precedent. *See Dura Pharms., Inc. v.*

---

[1] Movant is filing identical lead plaintiff papers in each of the above-captioned cases using the first-filed case number, CV 09-04208-JSW, *Zhu v. UCBH Holdings, Inc. et al* ("*Zhu*"). On September 30, 2009, the Court issued a Related Case Order, relating *Tran v. UCBH Holdings, Inc. et al.*, 09-cv-04429-JSW, ("*Tran*"), *Perez v. UCBH Holdings, Inc. et al.*, 09-cv-04492-JSW, ("*Perez*"), and *Durbin v. UCBH Holdings, Inc. et al.*, 09-cv-04513-JSW, ("*Durbin*"), to the first-filed case. (*Zhu*, Docket 9). Also, there is a pending Administrative Motion to relate the actions *Waterford v. UCBH Holdings, Inc. et al.*, 09-cv-04449-MHP, ("*Waterford*"), and *Nygaard v. UCBH Holdings, Inc. et al.*, 09-cv-04505-VRW, ("*Nygaard*"), to the first-filed case. (*Zhu*, Docket 12).

[2] On November 20, 2009 Movant Chite Lai filed Notice of Withdrawal of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and for Approval of His Selection of Lead Counsel. *See* Docket No. 61.

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 2 -

*Broudo*, 544 U.S. 336 (2005). Consequently, DeKalb is the institutional investor with the largest losses, and the remaining four lead plaintiff movants[3] have significantly smaller claimed losses than DeKalb.

## STATEMENT OF ISSUES

The issues to be decided by this Court are: (1) consolidation; (2) the appointment of lead plaintiff; and (3) the approval of Lead Plaintiff's selection of Lead Counsel.

## ARGUMENT

### I. THE STANDARD FOR APPOINTING LEAD PLAINTIFF IN A PSLRA CASE

The PSLRA requires that the court appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i); *see also Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, No. 2:06-CV-2674, 2007 WL 2692217 (D. Ariz. Sept. 11, 2007). In the Ninth Circuit, a movant is the "most capable," and thus should be appointed Lead Plaintiff, if it "is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). A three-step process has been established for identifying the lead plaintiff that satisfies these criteria. *Id.*; *In re Century Aluminum Co. Sec. Litig.*, Nos. C 09-1001, C 09-1205, C 09-1103, C 09-1162, 2009 WL 2905962, at *3 (N.D. Cal. Sept. 8, 2009). First, the action must be publicized properly. *In re Century*, 2009 WL 2905962, at *3; 15 U.S.C. § 78u-4 (a)(3)(A)(i). Second, the court examines the potential lead plaintiffs' losses "and selects

---

[3] The following movants have lower claimed losses than DeKalb: (1) the group consisting of Louisiana Municipal Police Employees' Retirement System and the City of Philadelphia Board of Pensions and Retirement (together "Pension Group"); (2) the Firefighters' Pensions System of the City of Kansas City, Missouri ("Kansas City"); (3) the individual Mark Cooper ("Cooper"); and (5) the individuals Lap Yin Chan and Wai Shan Chan (the "Chans").

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 3 -

the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)) (omitting internal quotations).  Once the court determines which qualified movant has the greatest financial interest, it must then focus its attention on that plaintiff and determine, based on the information provided by the movant in its pleadings and declarations, whether it satisfies the requirements of Rule 23(a).  *Id.*; *In re Cable & Wireless,* , 217 F.R.D. at 377 ("a movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class"); *Richardson v. TVIA, Inc.*, No. 06 06304, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA does not define the "largest financial interest" and does not explain how such a determination should be made.  *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002).  To decide which movant "has the most to gain from the lawsuit," the Ninth Circuit recommends that a court "select accounting methods that are both rational and consistently applied."  *In re Cavanaugh*, 306 F.3d at 730, n. 4.  The "Olsten-Lax" factors are a helpful tool in calculating the largest financial interest and are used by many courts.  *Richardson*, 2007 WL 1129344, at *3.  The four factors are:

> (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.

*Id.* (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) and *Lax v. First Merchs Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill Aug. 11, 1997)).

**II.    THE DEKALB COUNTY PENSION FUND HAS THE LARGEST FINANCIAL INTEREST OF THE INSTITUTIONAL INVESTOR MOVANTS**

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 4 -

DeKalb has a larger financial interest in this litigation than the Pension Trust Fund based on three of the Olsten-Lax factors. First, looking at the number of shares purchased factor, DeKalb bought 321,800 shares of UCBH during the Class Period compared to the Pension Trust Fund's 247,920 shares purchased. Second, DeKalb's total net funds expended during the Class Period ($1,018,025) is over $245,000 more than the net funds expended by the Pension Fund Trust.

Third, DeKalb has a significantly larger number of net shares purchased during the Class Period than the Pension Trust Fund, which sold all of its shares before the end of the Class Period, making it an "in-and-out" trader. When determining which movant should be appointed lead plaintiff, courts rely heavily on "which movant has the most to gain from the lawsuit." *Ruland v. InfoSonics Corp.*, Nos. 06CV1231, 06CV1233, 06CV1309, 06CV1331, 06CV1378, 06CV1435, 2006 WL 3746716, at *5 (S.D. Cal. Nov. 7, 2006) (citing *In re Cavanaugh*, 306 F.3d at 730 ); *see In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 997 ("One's 'interest' in a litigation is rather directly tied to what one might recover."). "Under the 'net shares' method, a court can estimate the potential recovery of a plaintiff by calculating the total number of shares purchased during the Class Period and subtracting the total number of shares sold during the Class Period." *Hodges v. Akeena Solar, Inc.*, No. C 09-02147, 2009 WL 3398922 (N.D. Cal. Oct. 21, 2009) (finding movant with largest number of net shares to have the largest financial stake in the litigation). If shares are sold "before the truth becomes known, the misrepresentations will not have led to any loss." *Ruland*, 2006 WL 3746716, at *5  (citing *Dura*, 544 U.S. 336). Consequently, "[t]he logical outgrowth of [the *Dura*] holding is that any such losses must not be considered in the *recoverable* losses calculation that courts engage in when selecting a lead plaintiff." *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825, 2007

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 5 -

WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007). As a result, movants that sold their position prior to the end of the class period will face uncertainty concerning their total damages and should be denied lead plaintiff status. *See e.g. Cable & Wireless*, 217 F.R.D. at 379 (rejecting group member that sold all its shares before end of class period because it failed to establish causation and thus could not prevail on its claims); *In re McKesson*, 97 F. Supp. 2d at 998 (finding it inappropriate to count losses or profits by in-and-out traders when determining lead plaintiff with largest financial interest).

The movant the Pension Trust Fund sold all of its UCBH holdings prior to the disclosure of the alleged fraud that ended the Class Period, making it an "in-and-out" trader. In comparison, DeKalb held 271,400 shares of UCBH, representing 84% of its investment in UCBH during the Class Period. Each of these 271,400 shares was damaged by the fraud that was disclosed at the end of the Class Period, leading to a potential recovery figure that the Pension Trust Fund cannot match. DeKalb also has the larger financial interest in this litigation than the remaining two institutional investor movants: the Pension Group and Kansas City. Both have significantly smaller claimed losses then DeKalb's claimed losses of $759,579 ($296,000 and $251,354, respectively).

And finally, the individual movants Cooper and the Chans are not prototypical institutional investors like DeKalb. The PSLRA gives "large, sophisticated institutional investors a preferred position in securities class actions." *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997). Thus, an individual plaintiff is less preferable than an institutional investor, such as DeKalb. *Weisz*, 2002 WL 32818827, at *8 (citing *In re Conesco, Inc. Sec. Litig.*, 120 F. Supp. 2d 729, 734 (S.D. Ind. 2000) ("Congress has expressed a preference for institutional

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 6 -

1  investors to be appointed lead plaintiff")) (grouping institutional investor and individual investor

2  as co-lead plaintiff).

3  **III.    THE DEKALB COUNTY PENSION FUND WILL ADEQUATELY REPRESENT THE CLASS.**

5  As briefed in its Lead Plaintiff Motion, the DeKalb County Pension Fund satisfies the

6  typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. (*See*

7  Notice of Mot. and Mot. of the DeKalb County Pension Fund for Consolidation, Appointment as

8  Lead Pl. and Approval of Lead Pl.'s Selection of Lead Counsel; Mem. of Points and Authorities

9  

10  in Support Thereof, Docket No. 39). The test of typicality generally "is whether other members

11  have the same or similar injury, whether the action is based on conduct which is not unique to

12  the named plaintiffs, and whether other class members have been injured by the same course of

13  conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v.*

14  *Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)) (omitting internal citations); *see also Richardson*,

15  2007 WL 1129344, at *4 (typicality satisfied where proposed lead plaintiff shared substantially

17  similar questions of law and fact with other members of the class and the claims arose from the

18  same course of conduct by defendants). Because Movant seeks to prove that Defendants

19  "committed the same unlawful acts in the same methods against an entire class . . . all members

20  of this class have identical claims, and therefore, the typicality requirement of Rule 23(a)(3) is

21  satisfied." *Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983).

23  Movant DeKalb seeks to represent a class of purchasers of UCBH securities which have

24  identical, non-competing, and non-conflicting interests. DeKalb satisfies the typicality

25  requirement because, just like all other Class members, it: (1) purchased or acquired UCBH

26  securities during the Class Period; (2) at prices artificially inflated by Defendants' materially

27  false and misleading statements and/or omissions; and (3) consequently suffered economic loss.

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 7 -

Thus, as Movant's claims and the claims of other Class members arise out of the same course of events, DeKalb's claims are typical of those of other Class members.

The Rule 23 adequacy requirement is met if "there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson*, 2007 WL 1129344, at *4 (citing Fed. R. Civ. P. 23(a)(4)); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). DeKalb is an adequate representative of the Class because it shares common questions of law and fact with the members of the Class, and its claims are typical of the claims of other Class members. As evidenced by its injuries from purchasing and/or acquiring UCBH securities at prices artificially inflated by Defendants' materially false and misleading statements, Movant's interests are aligned with the interests of the members of the Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class.

Moreover, the legislative history of the PSLRA demonstrates that Congress intended to encourage large institutional investors, especially public pension funds, to serve as Lead Plaintiff. Courts have recognized that public pension funds such as DeKalb are particularly favored as lead plaintiffs: "The Court also notes that the members of the aptly-named Pension Fund Group are ***public institutional investors***, which comports with ***the PSLRA's expressed preference for such lead plaintiffs***." *In re Cardinal Health*, 226 F.R.D. at 305 (S.D. Ohio 2005) (emphasis added); *see also Smith v. Suprema Specialties*, Inc., 206 F. Supp. 2d 627, 639 (D.N.J. 2002) (court appointed public pension fund over investment management company with larger losses because public pension fund "possesses the financial sophistication and expertise to ensure that the litigation will proceed in the best interests of the Class"). As Congress noted in the Statement of Managers of the PSLRA:

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 8 -

> Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.).  Similarly, the Senate Report on the PSLRA states in pertinent part:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interest as the plaintiff class generally. . . .

S. REP. NO. 104-98, at 11 (1995).   Furthermore, a public pension fund is "accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class."  *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).  As a public pension fund, DeKalb is the prototypical lead plaintiff under the PSLRA because it has a significant interest in seeking financial redress and will represent the interests of the Class effectively by directing and controlling the litigation.

    In conclusion, DeKalb is perfectly suited and willing to serve as Lead Plaintiff for the entire class or a co-Lead Plaintiff to give effect to the Congressional intent that an institutional investor be involved in the representation of the class.

Dated:  November 25, 2009　　　　　　　　　Respectfully submitted,

                                                **SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP**

                                               By:  /s/ Dustin L. Schubert
                                               Robert C. Schubert (State Bar No. 62684)
                                               Willem F. Jonckheer (State Bar No. 178748)
                                               Dustin L. Schubert (State Bar No. 254876)
                                               Three Embarcadero Center, Suite 1650
                                               San Francisco, California 94111
                                               Telephone:  (415) 788-4220
                                               Facsimile:  (415) 788-0161

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 9 -

*Proposed Liaison Counsel*

**CHITWOOD HARLEY HARNES LLP**
Martin D. Chitwood
James M. Wilson, Jr.
Robert W. Killorin
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

*Counsel for Movant and Proposed Lead Counsel*

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

- 10 -

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009, I electronically filed the foregoing "**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEKALB COUNTY PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL"** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Michael M. Golberg - info@glancylaw.com
Lionel Z. Glancy – info@glancylaw.com
**Glancy & Binkow LLP**
1801 Avenue of the Stars, Ste. 311
Los Angeles, CA 90067

Erik D. Peterson - epeterson@btkmc.com
Ramzi Abadou - rabadou@btkmc.com
**Barroway Topaz Kessler Meltzer
   Check, LLP**
580 California Street, Ste. 1750
San Francisco, CA 94104

Laurence M. Rosen - lrosen@rosenlegal.com
Phillip P. Kim – pkim@rosenlegal.com
**The Rosen Law Firm, P.A.**
350 5th Avenue, Suite 5508
New York, NY 10118

Darren J. Robbins - darrenr@csgrr.com
–Brian O. O'Mara – bo'mara@csgrr.com

**Coughlin Stoia Geller Rudman
   & Robbins LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101

Shawn A. Williams - shawnw@csgrr.com
**Coughlin Stoia Geller Rudman
   & Robbins LLP**
100 Pine Street, 26th Floor
San Francisco, CA 94111

Robert S. Green - gw@classcounsel.com
**Green Welling, P.C.**
595 Market Street, Suite 2750
San Francisco, CA 94105

Adrian J. Sawyer -sawyer@kerrwagstaffe.com
Jacqueline S. Corley - corley@kerrwagstaffe.com
**Kerr & Wagstaffe LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105

Joseph J. Tabacco , Jr. - jtabacco@bermandevalerio.com
Nicole C. Lavallee - nlavallee@bermandevalerio.com
Anthony D. Phillips - aphillips@bermandevalerio.com
**Berman DeValerio**
425 California Street, Suite 2100
San Francisco, CA 94104-2205

Mark C. Molumphy - mmolumphy@cpmlegal.com
**Cotchett, Pitre & McCarthy**
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208

*Counsel for Defendants*

Anna E. White - awhite@mofo.com
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105

Sean T. Strauss - sean.strauss@shearman.com
**Shearman & Sterling**
525 Market, Suite 1500
San Francisco, CA 94105

This 25th day of November 2009.

          /s/ Dustin L. Schubert
Dustin L. Schubert (State Bar No. 254876)

Mem. of Points and Authorities in Further Support of DeKalb's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Case No. CV 09-04208